UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL A. PODGORSKI,            )
                                 )
            Plaintiff,           )
                                 )
    vs.                          )     No. 4:07-CV-1435 (CEJ)
                                 )
PROGRESSIVE CLASSIC INSURANCE    )
COMPANY,                         )
                                 )
            Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to quash a subpoena directed to Bank of America. Defendant opposes the motion.

On October 9, 2005, plaintiff was a passenger in a vehicle struck by an underinsured motorist. Plaintiff alleges that, at the time of the accident, he was insured under one of defendant's insurance policies, which contained underinsured motorist coverage. Defendant denies that plaintiff was covered under its policy, contending that plaintiff was no longer a resident relative of the named insured at the time of the accident. Thus, plaintiff's residence at the time of the accident is an important issue in the case.

Defendant served a subpoena on Bank of America seeking:

> "all documents related to accounts held by [plaintiff]...including copies of original applications for services, transactions on accounts, and copies of cancelled checks for the time period 01/01/04 to 10/09/06."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff argues that the subpoena is overbroad in that it requires disclosure of personal and private records that are not relevant to the litigation. Defendant states that the requested discovery would allow it to ascertain the residential address(es) plaintiff used in his dealings with the bank and that the documents would identify plaintiff's creditors and the billing address(es) they used.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to discover information that is relevant to any claim or defense and that is reasonably calculated to lead to the discovery of admissible evidence. Here, the subpoena calls for documents (such as cancelled checks and bank statements) that are likely to bear the plaintiff's residence address. The documents may also provide a key to the identity of creditors who would be another source for ascertaining the address(es)plaintiff used during the relevant time period.

Of course, a party may move to quash a subpoena under Rule 45(c)(3), even if the information sought is subject to discovery under Rule 26(b)(1). In this case, however, plaintiff has not asserted any of the grounds upon which quashing or modifying a subpoena is either required or permitted by Rule 45(c)(3).

The defendant has expressed its willingness to submit to the terms of a protective order that would prohibit defendant from disclosing any financial information that would be revealed by the bank's compliance with the subpoena. In that vein, the parties are encouraged to try to reach agreement on setting appropriate limits


PDF created with FinePrint pdfFactory trial version www.pdffactory.com

on the use and dissemination of the plaintiff's personal financial information.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#16] to quash the subpoena directed to Bank of America is **denied**.

                                                    _____
                                                    CAROL E. JACKSON
                                                    UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2008.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com